Dear Senator Hines:
You have requested an opinion from our office regarding the dual officeholding and dual employment law. Specifically you ask whether the phrase, "any job compensated on a salary" includes a job compensated on an hourly rate basis being performed by an employee.
As you advise in your opinion request, the term employment is defined under our dual officeholding dual employment laws as follows:
§ 62 Definitions
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
While this writer could find no specific cases or attorney general opinions that directly address this issue, the Legislature, in enacting the dual officeholding and dual employment laws provided a declaration of policy to interpret the applicable statutes.
Louisiana Revised Statute 42:61 states:
§ 61. Declaration of policy
It is essential to the maintenance of a democratic society that public officials and employees perform the public business in a manner which serves to promote and maintain in the general citizenry a high level of confidence and trust in public officials, public employees, and governmental decisions. The attainment of this end is impaired when a public official or employee holds two or more public offices or public jobs which by their particular nature conflict with the duties and interest of each other. The attainment of a high level of confidence and trust by the general citizenry in public officials, employees, and governmental decisions is further impaired by the excessive accumulation of governmental power which may result from public officials or employees holding two or more public offices or public jobs.
It is the purpose of this Part to implement a policy which will serve to maintain a high level of trust and confidence by the general citizenry in public officials, employees, and governmental decisions of the government of this state and of its political subdivisions by defining and regulating dual employment and by defining, regulating, and prohibiting dual officeholding.
It is clear by this language that the purpose of these laws prohibiting dual employment applies to public jobs which by their particular nature conflict with the duties and interest of each other. Considering the policy that is to apply to all such public jobs, it is our office's conclusion that the definition of employment in La.R.S. 42:62(3) includes a public job compensated on an hourly rate basis being performed by a public employee.
Should you have any further questions, please do not hesitate to contact this office.
Yours very truly,
CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
By:______________________
CHARLES H. BRAUD, JR.
Assistant Attorney General
CCF, Jr./CHB, Jr.